**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**PETER SOVULA, #046 642 128,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv534**

**JEFFREY CRAWFORD,**
***ICA-Farmville Detention Center,***

**And**

**RUSSELL HOTT,**
***ICE Washington Field Office,***

**Respondents.**

**REPORT AND RECOMMENDATION**

This matter was initiated by Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se Petitioner Peter Sovula ("Petitioner" or "Sovula"). Pet. (ECF No. 1).[1] Sovula is an immigration detainee currently being housed at Farmville Detention Center. His Petition alleges he is unlawfully subject to mandatory immigration detention under 18 U.S.C. § 1226(a) and seeks release from custody or a fair bond hearing. Id. at 8.

Respondents opposed the Petition, arguing that Sovula was subject to mandatory detention under 8 U.S.C. § 1231, as he is subject to a final removal order, and his removal is reasonably foreseeable. Fed. Resp'ts' Resp. to Pet. ("Resp'ts' Opp'n") (ECF No. 7). Respondents argue that Sovula's detention is lawful under 8 U.S.C. § 1231 pending his removal to Sierra Leone, and that Sovula can't meet his burden to show that

[1] The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 4).

his removal is not reasonably foreseeable. Id. at 2. The Opposition included a declaration from U.S. Immigration and Customs Enforcement ("ICE") Detention and Deportation Officer Michael Coles outlining Sovula's criminal history and present immigration claims. Coles Decl. (ECF No. 7-1). The Coles Declaration describes Sovula's criminal record since 2021, his immigration proceedings resulting in a final order of removal, and the efforts the Government has made to secure Sovula's removal, as well as the results of periodic post-order reviews of his continued detention. Id. ¶¶ 13-18 (ECF No. 7-1, at 4-5). The court advised Sovula, by written order, of his right to respond to the Opposition, the timeline for doing so, and the possible consequences of not responding. Notice (ECF No. 8). Sovula filed a brief response, consisting largely of his plea to be allowed to remain in this country where he has resided for over 25 years. Pet'r Reply (ECF No. 9, at 1-2).

The Coles Declaration originally accompanying Respondents' Opposition identifies Sovula as a 33-year old native and citizen of Sierra Leone who was admitted to the U.S. on March 10, 1998 under a Diversity Visa. Coles Decl. ¶¶ 4-5 (ECF No. 7-1, at 2). He became a Legal Permanent Resident the same month. Id. Thereafter, Deportation Officer Coles asserts:

> On August 15, 2021, the Fairfax Couty Police Department arrested Petitioner for the offense of petit larceny, a misdemeanor offense, in violation of Va. Code § 18.2-96. On October 01, 2021, the Fairfax County General District Court convicted Petitioner of Petit larceny: <$1000 not from a person, a misdemeanor offense, in violation of Va. Code § 18.2-96.
>
> On September 05, 2021, the Fairfax Couty Police Department arrested Petitioner for the offense of robbery: using force, a felony offense, in violation of Va. Code § 18.2-58. On October 25, 2021, the Fairfax County General District Court convicted Petitioner of petit larceny < $5 from person, a misdemeanor offense, in violation of Va. Code § 18.2-96 for which he was sentenced to 30 days.

On October 03, 2021, the Alexandria Police Department arrested Petitioner for the offense of Trespass: After Being Forbidden to Do So, a misdemeanor offense, in violation of Va. Code § 18.2-119. On February 01, 2022, the Alexandria General District Court convicted Petitioner of the offense of Trespass: After Being Forbidden to Do So, a misdemeanor offense, in violation of Va. Code § 18.2-119 for which he was sentenced to 10 days.

On January 05, 2022, the Fairfax Couty Police Department arrested Petitioner for the offense of Failing to Appear for a Misdemeanor offense, in violation of Va. Code § 19.2-128(C). On February 01, 2022, the Alexandria General District Court convicted Petitioner of the offense of Failing to Appear for a Misdemeanor offense, in violation of Va. Code § 19.2-128(C) for which he was sentenced to 10 days.

On July 09, 2022, the Fairfax Couty Police Department arrested Petitioner for the offense of Assault, a misdemeanor offense, in violation of Va. Code § 18.2-57. On September 13, 2022, the Arlington County General District Court convicted Petitioner of Assault & Battery, a Misdemeanor offense, in violation of Va. Code § 18.2-57(A) for which he was sentenced to 12 months.

On February 11, 2023, the Alexandria Police Department arrested Petitioner for Assault & Battery, a Misdemeanor offense, in violation of Va. Code § 18.2-57. On June 21, 2023, the Alexandria General District Court in Alexandria, VA convicted Petitioner of Assault: (Misdemeanor), a misdemeanor offense, in violation of Va. Code § 18.2-57 for which he was sentenced to 90 days.

On February 11, 2023, the Alexandria Police Department arrested Petitioner for the offense of Fleeing from a Law Enforcement Officer, a misdemeanor offense, in violation of Va. Code 18.2-460(E). On June 21, 2023, the Alexandria General District Court convicted Petitioner of Fleeing from a Law Enforcement Officer, a misdemeanor offense, in violation of Va. Code 18.2-460(E) for which he was sentenced to 30 days.

On August 15, 2023, the Alexandria Police Department arrested Petitioner for the offense of Sexual Battery - General, a misdemeanor offense, in violation of Va. Code § 18.2-67.4. On September 13, 2023, the Alexandria Juvenile and Domestic Relations District Court convicted Petitioner of Sexual Battery - General, a misdemeanor offense, in violation of Va. Code § 18.2-67.4 for which he was sentenced to 9 months.

On September 22, 2023, the Fairfax Couty Police Department arrested Petitioner for the offense of Petit Larceny: <$1000 Not from a Person, a misdemeanor offense, in violation of Va. Code § 18.2-96(2). On December 20, 2023, the Fairfax County General District Court convicted Petitioner of Petit Larceny: <$1000 Not from a Person, a misdemeanor offense, in violation of Va. Code § 18.2-96(2) for which he was sentenced to 30 days.

On December 12, 2023, the Fairfax Couty Sheriff Department, arrested SOVULA for probation violation in violation of Va. Code § 19.2-123. That charge is pending.

On February 18, 2024, the Alexandria Police Department, arrested Petitioner for the offense of Assault and Battery of a Law Enforcement Officer, a felony offense, in violation of Va. Code § 18.2-57. On March 25, 2024, the Alexandira General District Court convicted Petitioner of Assault & Battery, a Misdemeanor offense, in violation of Va. Code § 18.2-57(A) for which he was sentenced to 4 months.

On March 25, 2024, the Alexandria Police Department arrested Petitioner for the offense of Trespass, a misdemeanor offense, in violation of Va. Code § 18.2-119. On April 10, 2024, the Fairfax General District Court in Fairfax, VA convicted SOVULA of trespassing and sentenced him to restitution imposed.

On March 25, 2024, the Alexandria Police Department arrested Petitioner for the offense of Petit Larceny: <$1000 Not from a Person, a misdemeanor offense, in violation of Va. Code § 18.2-96(2). On April 10, 2024, the Fairfax General District Court in Fairfax, VA convicted SOVULA of petit larceny and sentenced him to restitution imposed.

On June 07, 2024, the Alexandria Police Department arrested Petitioner for the offense of Failure to Appear: On Misdemeanor, a misdemeanor offense, in violation of Va. Code § 19.2-128(C).

On June 10, 2024, ERO Washington received information that Petitioner had been arrested by the Alexandria Police Department. It was determined that Petitioner had an approved Legal Sufficient Review from Office of the Principal Legal Advisor (OPLA) due to his past criminal convictions and is amenable to DHS/ICE enforcement action. Based on this information ICE issued an I-247A Detainer and I-200 Warrant of Arrest.

> On June 10, 2024, Petitioner was served with a Notice to Appear, charging him under 8 U.S.C. 1227(a)(2)(a)(ii).
>
> On May 15, 2025, Petitioner had an Individual Hearing before and Immigration Judge. The Judge issued a written decision on July 8, 2025, ordering Petitioner removed from the United States to Sierra Leone.
>
> On July 21, 2024 (sic), Petitioner filed an appeal with the Board of Immigration Appeals (BIA).
>
> On February 18, 2026, the BIA dismissed Petitioner's appeal, rendering Petitioner's order of removal administratively final.
>
> On February 23, 2026, Petitioner filed a PFR with the 4th Circuit Court. This prompted a 14-day auto stay on Petitioner's removal. This Court denied the stay on March 6, 2026.
>
> On March 17, 2026, Petitioner refused to sign the application for travel documents to be removed. He was processed as a Failure to Comply (FTC).
>
> On March 26, 2026, a travel document application was sent to the Sierra Leone Consulate for review and issuance.
>
> On April 22, 2026, Petitioner was issued a Sierra Leone travel document.
>
> On May 12, 2026, a 90-day Post Order Custody Review (POCR) was conducted. It was determined that Petitioner would remain in custody pending his removal.
>
> Petitioner was scheduled for removal on May 27, 2026. Petitioner refused to comply with the scheduled removal, and refused to get on the commercial flight.

Coles Decl. ¶¶ 17-31 (ECF No. 7-1, at 2-7).

After reviewing the briefing on Respondents' motions, attached exhibits, including the Coles Declaration, Sovula's response, and his supplemental Submission, I conclude that Sovula is lawfully detained under 8 U.S.C. § 1231, and neither his Petition nor Response to Government's Opposition meet his burden to demonstrate that his

removal to Sierre Leone is not reasonably foreseeable. Accordingly, his continued detention does not state grounds for relief under 28 U.S.C. § 2241 at this time.

Federal courts may grant a writ of habeas corpus to any person "in custody in violation of the Constitution, laws, or treaties of the Unites States." 28 U.S.C. § 2241(c)(3). "The writ of habeas corpus has traditionally 'served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest.'" Luna Sanchez v. Bondi, No. 1:25-CV-18888, 2025 WL 3191922, at 82 (E.D. Va. Nov. 14, 2025) (quoting I.N.S. v. St. Cyr, 533 U.S. 289, 301 92001)). Habeas is "regularly invoked on behalf of noncitizens." Id. (quoting Quispe-Ardiles v. Noem, No. 1:25-cv-01382, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025)) (additional citations omitted).

Pursuant to the Due Process Clause of the Fifth Amendment, no *person* shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Due Process Clause extends to *all* persons, including "aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "As the Supreme Court has recognized, 'habeas corpus in the federal courts provides a mode for the redress of due process of law. Vindication of due process is precisely its historic office.'" Castaneda v. Perry, 95 F.4th 750, 762 (4th Cir. 2024) (citing Fay v. Noia, 372 U.S. 391, 402 (1963), *overruled on other grounds by Wainwright v. Sykes*, 433 U.S. 72 (1977)).

After an order of removal becomes final, the Attorney General "shall detain the alien" during the ninety-day removal period established under 8 U.S.C. § 1231(a)(2). Zadvydas v. Davis, 533 U.S. 678, 683 (2001). "Section 1231 governs the detention and

removal of aliens subject to administrative final orders of removal, including reinstated orders of removal." Castaneda, 95 F.4th at 754.

The 90-day removal period under 8 U.S.C. § 1231 begins on the latest of three dates: (1) the date the order becomes administratively final; (2) if the removal is judicially reviewed and the court orders a stay of the removal, the date of the court's final order; and (3) if the individual is detained or confined, the date of his release. 8 U.S.C. § 1231(a)(1)(B). But upon the lapse of the 90-day removal period, the government must "subject [the non-citizen] to [an order of] supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3). In Sovula's case, mandatory detention is proper for at least some period of time under 8 U.S.C. § 1231(a)(1)(B)(i) and (a)(2), following the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001).

In Zadvydas v. Davis, the Supreme Court recognized the "serious constitutional concerns" arising from "indefinite detention" under § 1231. 533 U.S. at 682. The Court held that § 1231 authorizes post-removal-period detention only for "a period reasonably necessary to bring about [the] alien's removal from the United States." Id. at 689; see also 8 U.S.C. § 1231(a)(6). It further concluded that a "reasonably necessary" period is presumptively six months. Zadvydas, 533 U.S. at 701; Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he Zadvydas standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation."). After the presumptively reasonable six-month period, the burden shifts to the detained individual to demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

The Coles Declaration updated the record on the status of Sovula's immigration proceedings as of that date. It established that as of May 15, 2025, Sovula was subject to an order of removal following proceedings instituted as a result of his multiple criminal convictions. Petitioner appealed the Immigration Judge's decision, but his Order of Removal became final on February 18, 2026. See Coles Decl. ¶ 23-25 (ECF No. 7-1, at 5-6); 8 C.F.R. §§ 1003.38, 1241.1(c). Thus, at the time of the Coles Declaration, dated June 17, 2026, Sovula had been detained awaiting removal only four months—shorter than the presumptively reasonable period of detention authorized by Zadvydas. Since then, although Sovula has apparently remained detained an additional four months, his detention still does not implicate the due process concerns raised by Zadvydas because he has failed to cooperate with efforts to remove him and is unable to show that his removal to Sierra Leone is not reasonably foreseeable.

Since filing, Sovula has remained detained two months longer than the presumptively reasonable six-month period. But that extended detention is not per-se unreasonable. Instead, the due process concerns animating Zadvydas arise when pre-removal detention becomes indefinite—with "no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

Sovula appealed his final order of removal, filing a petition in the Fourth Circuit Court of Appeals, but the Fourth Circuit denied his petition in an unpublished *per curiam* opinion. Sovula v. Blanche, No. 26-1213 (4th Cir. July 21, 2026). At present, there is no further impediment to his removal, and Sierra Leone has already issued travel documents. Coles Decl. ¶ 29. Indeed according to the Government, and not contested by Sovula, the only reason he was not removed previously was his own refusal to board the commercial

flight arranged for his deportation. Coles Decl. ¶ 31. But a petitioner cannot meet his burden to show that removal is not reasonably foreseeable based on his own refusal to cooperate with efforts to remove him. See 8 U.S.C. § 1231(a)(1)(C) (permitting continued detention where an alien "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal"); Olajide v. B.I.C.E., 402 F. Supp. 2d 688, 694 (E.D. Va. 2005) (finding that removal was reasonably foreseeable where "the delay in [the petitioner's] removal, and thus his continued confinement pending removal, are the direct result of [the petitioner's] unreasonable refusal to accept free and appropriate dental and surgical treatment by a specialist"); Mattete v. Loiselle, No. 2:06-CV-652, 2007 WL 3223304, at *5 (E.D. Va. Oct. 26, 2007) (finding that removal was reasonably foreseeable where "for almost the entire length of his confinement, petitioner refused to fill out the application for travel documents, refused to provide fingerprints and photos, refused to participate in telephone interviews with the Tanzanian consular, and gave false information regarding the person to contact to obtain his Kenyan birth certificate").

To the extent Petitioner brings collateral challenges to his removal proceedings, this court lacks jurisdiction under 8. U.S.C. § 1252(g) to review those claims. See Pet'r Reply (ECF No. 9, at 1). Congress has established that federal district courts lack jurisdiction to review collateral attacks on removal. See Joshua M. v. Barr, 439 F. Supp. 3d 632, 666-68 (E.D. Va. 2020) (noting that district courts have a "limited" "ability to review habeas petitions challenging removal orders"). Instead, Petitioner must directly appeal a BIA determination in one of the federal courts of appeal. See, e.g., id.;

Igwebuike v. Caterisano, 230 F. App'x 278, 281 (4th Cir. 2007). As set forth elsewhere, Sovula filed a petition to overturn the BIA decision, which the Fourth Circuit rejected on July 21, 2026. This court has no power to resolve Petitioner's claims seeking cancellation of removal. Doe v. Mayorkas, No. 120-cv-618, 2021 WL 2336596, at *5 (E.D. Va. June 7, 2021).

## CONCLUSION AND RECOMMENDATION

Because Sovula failed to meet his burden to demonstrate that his removal is not reasonably foreseeable, I recommend the motion to dismiss set out in Respondents' Opposition (ECF No. 7) be SUSTAINED and Sovula's Petition (ECF No. 1) be DISMISSED, without prejudice. Should the circumstances of Sovula's detention continue, notwithstanding his cooperation, he could refile the claim at that time.

## REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

October 6, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Peter Sovula**
**046642128**
**Farmville Detention Center**
**P.O. Box N**
**Farmville, VA 23901**

and an electronic copy was provided to:

**Miguel A. Morales Ortiz**
**DOJ-USAO**
**Eastern District of Virginia**
**2100 Jamieson Avenue**
**Alexandria, VA 22314**

Laura G. Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

October 6, 2026